UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| OCTAIVIAN D. REEVES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:20-CV-326-TAV-HBG |
| | ) |
| MIKE PARRIS, | ) |
| OFFICER DARBE, | ) |
| LIEUTENANT WALLS, | ) |
| TYLER LONGMIRE, | ) |
| OFFICER GOLDIE, and | ) |
| OFFICER LYNCH, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff Octaivian D. Reeves has filed a motion to amend the complaint filed in this pro se prisoner's civil rights action for violation of 42 U.S.C. § 1983 [Doc. 23]. Defendants Mike Parris, Lieutenant Walls, Tyler Longmire, Officer Goldie, and Officer Lynch ("Defendants") have filed a response in opposition [Doc. 24]. After the Court's consideration of the parties' arguments and the applicable law, Plaintiff's motion [Doc. 23] will be **GRANTED in part and DENIED in part**.

**I.    BACKGROUND**

On August 4, 2020, this Court entered a Memorandum Opinion and Order screening Plaintiff's complaint in accordance with the Prison Litigation Reform Act ("PLRA") [Doc. 6]. *See* 28 U.S.C. §§ 1915A(b)(1) & 1915(e)(2)(B). The Court permitted Plaintiff's excessive force and failure-to-protect claims to proceed against Defendants but dismissed

all other claims and proposed defendants [Doc. 6 p. 16-17]. Process was issued, and Defendants filed an answer to Plaintiff's complaint on September 16, 2020 [Doc. 12]. Plaintiff filed the tendered amended complaint on October 8, 2020 [Doc. 23], to which Defendants filed a response in opposition on October 13, 2020 [Doc. 24].

## II. LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its complaint without leave of court within 21 days after serving it, or within 21 days after a responsive pleading has been served. Fed. R. Civ. P. 15(a)(1)-(2). Otherwise, courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In exercising its discretion as to whether justice requires amendment, courts are to consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts retain the authority to grant leave to file an amended complaint even if the complaint is otherwise subject to dismissal under the PLRA. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

## III. DISCUSSION

### A. Amendment Denied

In his tendered complaint, Plaintiff seeks to reinstate previously dismissed claims for retaliation, verbal abuse, the denial of personal property, participation in programs, grievances, and medical care [*See, generally,* Doc. 23]. Under the PLRA's screening

2

standards, the tendered amendment fails to state a constitutional claim as to these issues, and therefore, allowing Plaintiff to amend these claims would be an act of futility [*Compare* Doc. 23 *with* Doc. 6].

The tendered complaint also alleges facts suggesting excessive force by Defendants [Doc. 23 p. 11-14]. However, the Court allowed a claim of excessive force to proceed against Defendants [Doc. 6 p. 16], and therefore, it is unnecessary to allow Plaintiff to amend his complaint to reiterate this claim. Accordingly, Plaintiff's motion will be **DENIED** as to his claims of retaliation, verbal abuse, the denial of personal property, participation in programs, grievances, medical care, and excessive force.

### B. Amendment Allowed

The tendered complaint also seeks to reinstate Sergeants Cras and Hicks as Defendants to Plaintiff's failure-to-protect claim [Doc. 23 p. 14]. In his initial complaint, Plaintiff alleged that Sergeant Hicks was standing in the dining hall when officers rammed his head through the door and into the ice machine, yet he failed to "sa[y] anything" [Doc. 3 p. 8]. Plaintiff also alleged in the initial complaint that Sergeant Cras "walked pas[t]" Plaintiff while he was restrained by correctional officers [*Id.*]. The Court found these allegations insufficient to state a constitutional claim against these Defendants, as Plaintiff failed to allege that either officer had an opportunity to prevent any harm to Plaintiff [*see id.* at 14-15]. It also determined that Plaintiff had failed to allege facts suggesting that Sergeant Cras witnessed any use of excessive force [*Id.*].

3

In the tendered complaint, however, Plaintiff alleges that Sergeant Cras twice walked past Plaintiff while he was being beaten and "violated" [Doc. 23 p. 14]. He further alleges that Sergeant Hicks saw Defendants ram Plaintiff's head into the door and ice machine and failed to intervene as Defendants continued to beat him [*Id*. at 14-15]. As supervisory officials, he maintains, these officers should have intervened to protect the handcuffed, defenseless Plaintiff from these acts of force [*Id*.].

Generally, an officer's mere presence during an allegedly unconstitutional act is insufficient to expose that officer to liability. *See, e.g., Burgess v. Fischer*, 735 F.3d 462, 475 (6th Cir. 2013). Absent direct participation in the challenged act, "there must be a showing that [the officer] either supervised" the officers involved in the conduct or "owed [the plaintiff] a duty of protection." *Id*. An officer present who "had reason to know that excessive force would be or was being used" and "had both the opportunity and the means to prevent the harm from occurring" owes a duty of care to the plaintiff. *Id*. (quoting *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir.1997)). For an officer to be liable in such a case, the Court must find that the challenged incident lasted long enough to allow the officer to "perceive what was going on and intercede to stop it." *Id*.

In his proposed amended complaint, Plaintiff alleges that Sergeants Hicks and Cras both witnessed Plaintiff's beating and failed to intervene despite opportunity to do so. Given these additional factual allegations and the leniency afforded pro se plaintiffs, the Court will **GRANT** Plaintiff's motion only as to his failure-to-protect claim against Sergeants Hicks and Cras.

4

Therefore, the Clerk will be **DIRECTED** to add Sergeant Hicks and Sergeant Cras as Defendants in this matter and send Plaintiff service packets for these Defendants.

IV. **CONCLUSION**

For the foregoing reasons:

1. Plaintiff's motion to amend his complaint [Doc. 23] is **GRANTED in part** and **DENIED in part** as set forth above;

2. The Clerk is **DIRECTED** to add Sergeant Hicks and Sergeant Cras as Defendants in this matter;

3. The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Hicks and Cras;

4. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty-one (21) days of entry of this Memorandum and Order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Fed. R. Civ. P. 4;

5. Plaintiff is **NOTIFIED** that failure to return the completed service packets within the time required may result in dismissal of this action as to these Defendants;

6. Defendants Hicks and Cras shall answer or otherwise respond to the complaint within twenty-one (21) days from the date on which they are served;

7. If any Defendant fails to timely respond to the complaint, such failure may result in entry of judgment by default against that Defendant; and

8. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to

5

this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**ENTER:**

                                                   s/ Thomas A. Varlan
                                                   UNITED STATES DISTRICT JUDGE