UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| OCTAIVIAN D. REEVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:20-CV-326-RLJ-HBG |
| ) | |
| MIKE PARRIS, ) | |
| OFFICER DARBE, ) | |
| LIEUTENANT WALLS, ) | |
| TYLER LONGMIRE, ) | |
| OFFICER GOLDIE, ) | |
| OFFICER LYNCH, ) | |
| SERGEANT CRAS, and ) | |
| SERGEANT HICKS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. On December 15, 2020, the Court entered an order providing that Plaintiff would have fourteen (14) days from the date of entry of the order to provide the Court with information that would help properly identify Defendant Officer Darbe for purposes of service [Doc. 39]. The deadline has passed, and Plaintiff has not complied with this order.

Federal Rule of Civil Procedure 21 gives courts authority to dismiss a party from a lawsuit. *See* Fed. R. Civ. P. 21 ("On motion or own its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against any party."). When evaluating the propriety of a dismissal under Rule 21, courts should consider as guidance the standards of Federal Rule of Civil Procedure 41, which gives courts the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed. R. Civ. P.

41(b); *see, e.g., Arnold v. Heyns*, No. 13–14137, 2015 WL 1131767, at *4 (E.D. Mich. Mar. 11, 2015).[1]

> The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):
>
> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

First, the Court finds that Plaintiff's failure to respond to or comply with the Court's show cause order is due to Plaintiff's willfulness and/or fault, as it appears he received the order and chose not to respond. Second, Plaintiff's failure to comply with the Court's order has not prejudiced Defendant Darbe, as he has not yet been served. Third, the Court warned Plaintiff that this action would be dismissed as to Defendant Darbe if he failed to timely comply with the order. Finally, the Court finds that alternative sanctions would not be effective, as Plaintiff has failed to cooperate with the Court to secure service as to Defendant Darbe. Therefore, on balance, the factors weigh in favor of dismissing Defendant Darbe, and Defendant Officer Darbe is hereby fully and finally **DISMISSED** from this action.

---

[1] The Sixth Circuit interprets Rule 41 to preclude dismissal of some, but not all, of the Defendants or claims in a civil action. *See, e.g., Letherer v. Alger Grp.*, LLC, 328 F.3d 262, 266 (6th Cir. 2003) (holding "action" in Rule 41 means the "entire controversy"); *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961) (holding Rule 41 only permits dismissal of entire controversy).

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan<br>United States District Judge