# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

OCTAIVIAN D. REEVES,       )
      )
      Plaintiff,       )
      )
v.       )     No.:      3:20-CV-326-RLJ-HBG
      )
MIKE PARRIS,       )
LIEUTENANT WALLS,       )
TYLER LONGMIRE,       )
OFFICER GOLDIE,       )
OFFICER LYNCH,       )
SERGEANT CRAS, and       )
SERGEANT HICKS,       )
      )
      Defendants.       )

## <u>MEMORANDUM OPINION</u>

Defendants Mike Parris, Lieutenant Walls, Tyler Longmire, Officer Goldie, Officer Lynch, Sergeant Cras, and Sergeant Hicks ("Defendants") have filed a motion for summary judgment in this pro se prisoner's civil rights action for violation of 42 U.S.C. § 1983 [Doc. 62]. Plaintiff has not responded to the motion, and the deadline to do so has passed. *See* E.D. Tenn. L.R. 7.1. Upon consideration of the parties' pleadings, the summary judgment evidence, and the applicable law, the Court finds that summary judgment should be **GRANTED** to Defendants.

## I.    PLAINTIFF'S RELEVANT ALLEGATIONS

Shortly after noon on September 12, 2019, Plaintiff arrived in the main kitchen at the Morgan County Correctional Complex ("MCCX") to report for work [Doc. 3 p. 5]. An altercation occurred between Correctional Officer ("CO") Jackson and another inmate, and once backup officers arrived, the inmates were directed to line up along the kitchen wall [*Id.* at 5-6]. Plaintiff placed his back to the wall in front of a camera as officers inspected the inmates' arms and torsos in an attempt to determine who had been involved in the altercation [*Id.* at 6, 49-50]. Plaintiff

removed his shirt and held it up to the camera to show that there was no blood on it [*Id.* at 6]. Plaintiff maintains that CO Longmire aggressively approached him and told Plaintiff to put his shirt on, and when Plaintiff responded by asking Longmire "if he couldn't ask any better than that," Longmire ordered Plaintiff to place his arms behind his back [*Id.*]. Plaintiff initially refused, but when Longmire directed him a second time, Plaintiff complied and placed his hands behind his back [*Id.* at 6-7]. Longmire handcuffed Plaintiff tightly and told Plaintiff to stop resisting [*Id.* at 7].

Plaintiff contends that CO Goldie and CO Lynch then "jumped on" him while Lieutenant Walls punched him in the face [*Id.*]. Plaintiff alleges that the officers began to transport Plaintiff from the area, and that despite Plaintiff's restraints and nonresistance, Longmire rammed Plaintiff's head into a wall, an ice machine, and through doors, and Plaintiff was repeatedly thrown to the ground [*Id.* at 8]. Sergeant Hicks and Sergeant Cras purportedly saw these events and failed to intervene while the transport officers beat Plaintiff [*See* Doc. 23 p. 14-15].

Plaintiff contends that once the transport reached the boulevard, Plaintiff was placed on the ground and Longmire "stepped on [Plaintiff's] face" to prevent him from speaking as Warden Mike Parris approached [Doc. 3 p. 8]. Plaintiff states that he was able to yell to Warden Parris for help, but that Parris merely told him to "shut up" [*Id.*]. The officers continued to strike Plaintiff on the way to intake, until another officer "stepped in" and said "that was enough" [*Id.* at 9].

Later the same evening, Plaintiff was housed in segregation when a nurse entered the pod [*Id.* at 9-10]. Plaintiff stated that he was in pain and requested treatment [*Id.*]. The nurse told Plaintiff that she did not see any of the cuts, scrapes, and knots Plaintiff attempted to show her [*Id.* at 9]. On September 20, 2019, Plaintiff was released from segregation and gave an officer a sick call request, which was taken to the medical clinic [*Id.* at 10].

Plaintiff maintains that at the nurse's visit on September 24, 2019, he advised the nurse of the knot on his head and stomach, along with pain in his shoulders, elbows, back, legs, and neck [*Id.*]. The nurse referred Plaintiff to a doctor, who evaluated Plaintiff on October 2, 2019 and performed an x-ray [*Id.* at 11]. Plaintiff was advised that the results were "normal," but he never personally saw the results or received medication for pain [*Id.*]. Plaintiff's attempts for more tests and treatment were never answered [*Id.* at 11-12].

## II.     SUMMARY JUDGMENT STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd*, 224 F.3d 797, 800 (6th Cir. 2000). Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (quotation marks omitted).

The moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). In order to successfully oppose a motion for summary judgment, a party "'must set forth specific facts showing that there is a genuine issue for trial'" and "'may not rest upon the mere allegations or denials of his pleading.'" *Anderson v. Liberty Lobby, Inc.*, 47 U.S. 242, 248 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)).

A district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded, however. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). Rather, the court is required to, at a minimum, examine the motion to ensure that the

3

movant has met its initial burden. *Id.* In doing so, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992). The court must "intelligently and carefully review the legitimacy of [] an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the *riposte* for a silent party." *Id.* In the absence of a response, however, the Court will not "*sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party." *Id.* at 410. If the court determines that the unrebutted evidence set forth by the moving party supports a conclusion that there is no genuine issue of material fact, the court will determine that the moving party has carried its burden, and "judgment shall be rendered forthwith." *Id.* (alteration omitted).

## III.    LAW & ANALYSIS

Defendants claim an entitlement to summary judgment due to Plaintiff's failure to exhaust his available administrative remedies under the Prison Litigation Reform Act ("PLRA"), and his failure to establish that he suffered more than a *de minimis* physical injury [Doc. 63]. By failing to timely respond to Defendants' motion, the Court finds that Plaintiff has waived any opposition to the relief sought. *See* E.D. Tenn. L.R. 7.2.

### A.    PLRA Exhaustion

Because Plaintiff was an inmate when he filed this lawsuit, the PLRA governs his claims. *See* 28 U.S.C. §§ 1915(h) and 1915A(c). The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, the PLRA requires prisoners to exhaust all available administrative remedies as a precondition to filing suit under 42

U.S.C. § 1983.  *See* 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding "that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong").  Moreover, the exhaustion requirement is one of "proper exhaustion," which requires a plaintiff to complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court."  *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006).

Plaintiff did not file a grievance concerning the September 12, 2019, incident until October 9, 2019 [Doc. 62-1 ¶ 5].  Under Tennessee Department of Correction ("TDOC") Policy 501.01, a grievance must be filed within seven days of the incident at issue, and a failure to timely comply will result in the grievance being rejected as untimely [62-1 ¶¶ 3-4; 62-2 p. 1].  Plaintiff's grievance was rejected as untimely [Doc. 62-2 p. 2].  Accordingly, the unrebutted summary judgment evidence demonstrates that Plaintiff failed to properly exhaust his administrative remedies in compliance with TDOC's rules, and his complaint is, therefore, properly dismissed pursuant to 42 U.S.C. § 1997e(a).

### B. "Physical Injury"

Although not critical to the disposition of this case, the Court also finds that Plaintiff could not otherwise recover monetary damages in this action because he has not demonstrated that he sustained a "physical injury" within the meaning of the PLRA.  In order "to recover compensatory and punitive damages under the PLRA, it is not enough to establish an Eighth Amendment violation.  A prisoner must also establish a "physical injury, meaning an injury that is more than *de minimis*."  *Pierre v. Padgett*, No. 18-12276, 2020 WL 1650656, at *4 (11th Cir. Apr. 3, 2020) (internal quotation marks omitted); *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010) ("[E]ven

5

though the physical injury required by § 1997e(e) for a § 1983 claim need not be significant, it must be more than *de minimis* for an Eighth Amendment claim to go forward."); *see also* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]").

Here, Plaintiff was examined following the incident on September 12, 2019 [Doc. 62-3 p. 2]. The examining nurse found no injury, and Plaintiff denied sustaining any injury [*Id*.]. Further, Plaintiff concedes that a physician told him that the subsequent x-rays Plaintiff requested showed no injury, and Plaintiff acknowledges that he can produce no medical evidence to support a claim of injury [Doc. 62-4 p. 6-7]. Therefore, Plaintiff cannot otherwise demonstrate a right to monetary relief, and Defendants are entitled to summary judgment.

## IV.     CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment [Doc. 62] will be **GRANTED**, and Plaintiff's complaint will be **DISMISSED WITH PREJUDICE**.

The Court hereby **CERTIFIES** that any appeal from this order would not be taken in good faith. Therefore, should Plaintiff file a notice of appeal, this Court will **DENY** Plaintiff leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER:


_____
s/ Leon Jordan
United States District Judge

6